**THE COOPER LAW FIRM, P.C.**
 Scott B. Cooper (Cal. Bar No. 174520)
 scott@cooper-firm.com
 Samantha A. Smith (Cal. Bar No. 233331)
 samantha@cooper-firm.com
4000 Barranca Parkway, Suite 250
Irvine, California  92604
Telephone: (949) 724-9200
Facsimile: (949) 724-9255

Attorneys for Plaintiff Steven Mills,
On Behalf Of Himself and all Others Similarly Situated

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MILLS, on behalf of himself and all others similarly situated,<br><br>                          Plaintiff,<br><br>v.<br><br>COMPUTERTEL, INC., and DIRECTO.COM,<br><br>                          Defendants. | Case No. 2:16-CV-968<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227, ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiff Steven Mills (hereinafter referred to as "Plaintiff"), individually

2    and on behalf of all others similarly situated, makes the following allegations and

3    claims against Computertel, Inc. and Directo.com (collectively "Defendants")

4    upon personal knowledge, investigation of counsel, and on information and belief

5    as follows:

6                              **INTRODUCTION**

7          1.    Plaintiff brings this action against Defendants for violations of the

8    Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred

9    to as the "TCPA") by Defendants and its present, former, and/or future direct and

10   indirect parent companies, subsidiaries, affiliates, agents, and/or related entities.

11         2.    Defendants have violated, and continue to violate, the TCPA by

12   contacting Plaintiff and others similarly situated on their telephones via an

13   "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or

14   using "an artificial or prerecorded voice" as described in 47 U.S.C. §§

15   227(b)(1)(A) and (B), without their prior express consent within the meaning of

16   the TCPA.

17         3.    Plaintiff brings this action for damages, and other legal and equitable

18   remedies, resulting from Defendants' conduct in violation of the TCPA.

19                        **JURISDICTION AND VENUE**

20         4.    This case alleges violation of a federal statute, giving this Court

21   federal question jurisdiction pursuant to 28 U.S.C. § 1331.

22         5.    On information and belief, venue is proper in this district pursuant to

23   47 U.S.C § 227(b)(3) and (5) and 28 U.S.C § 1391.

24                                **PARTIES**

25         6.    Plaintiff Steven Mills is an individual who was subjected to a TCPA

26   violation as alleged in this Complaint.

27         7.    Upon information and belief, Defendant Computertel, Inc. is a

28   Nevada corporation with its principal place of business in Carson City, Nevada.

CLASS ACTION COMPLAINT

Plaintiff is informed and believes that Computertel, Inc. operated, and continues to operate, in every state, including California, throughout the Class Period.

8.    Upon information and belief, Defendant Directo.com is a subsidiary of Computertel, Inc.  Plaintiff is informed and believes that Directo.com operated, and continues to operate, in every state, including California, throughout the Class Period.

## THE TELEPHONE CONSUMER PROTECTIONS ACT OF 1991 (TCPA), 47 U.S.C. § 227

9.    In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227 (b)(1)(A)(iii) and (b)(1)(B) prohibits the use of autodialers to make any call to a wireless or residential number in the absence of an emergency or the prior express consent of the called party.

11.    According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  In addition, the FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

12.    Most recently, in 2012, the FCC revised its TCPA rules to require telemarketers (1) to obtain *prior express written* consent from consumers before

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

CLASS ACTION COMPLAINT

making a call to a person that would otherwise be in violation of the TCPA, and (2) to require telemarketers to provide an automated, interactive "opt-out" mechanism during each call so consumers may immediately tell the telemarketer to stop calling.[3]

13.     The FCC has also made clear statements regarding the TCPA's vicarious liability standards as it relates to telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call."[4]   The FCC has also clarified that vicarious liability is imposed under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers.[5]

## FACTUAL ALLEGATIONS

14.     At all relevant times, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

15.     Defendants are and at all times mentioned herein were, an entity that meets the definition of "person," as defined by 47 U.S.C. § 153(39).

16.     On information and belief, Plaintiff alleges that Defendants conduct business in the State of California and within this judicial district.

17.     During the relevant time period, Defendants called Plaintiff on his cellular telephone in an attempt to solicit international calling cards.  Plaintiff received approximately 15 such telemarketing calls from Defendants.

18.     On information and belief, Defendants, or its agents, called Plaintiff on his cellular telephone via an automatic telephone dialing system (ATDS), as defined by 47 U.S.C. § 227(a)(1).  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

---

[3] *In re Joint Petition Filed by Dish Network, LLC,* 28 FCC Red. 6574, 6574 *(2013)("Dish Network Ruling").*

[4] *In re Rules and Regulations Implementing the TCPA of 1991,* 10 FCC Red. 12391, 12397 ("*1995 Ruling").*

[5] *Dish Network Ruling,* 18.

CLASS ACTION COMPLAINT

19.    Plaintiff did not provide express consent to receive automated calls by Defendants on his telephone.[6]

20.    Defendants did not make telephone calls to Plaintiff's telephone "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A) and (B).

21.    Under the TCPA and pursuant to the FCC's January 2012 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.[7]

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

23.    Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, within four years prior to the filing of Plaintiff's original complaint in this action, received a non-emergency telephone call from Defendants through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class.  Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families; and claims for personal injury, wrongful death and/or emotional distress.

24.    On information and belief, Plaintiff believes there are thousands of Class members geographically dispersed throughout the United States.  Therefore, individual joinder of all members of the Class would be impracticable.

---

[6] See FCC Declaratory Ruling, 23 F.C.C.R. 559, 564-65 (2008)(¶ 10).
[7] See id.

25.     Plaintiff and all members of the Class have been harmed by the acts of Defendants when they, either directly or through their agents, illegally contacted Plaintiff and Class members via their telephones by using and autodialer and/or prerecorded voice message.

26.     This Class Action Complaint seeks injunctive relief and money damages.

27.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by Defendants.

28.     There are well-defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions that may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a.     Whether Defendants made non-emergency calls to Plaintiff's and Class members' telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

b.     Whether Defendants can meet their burden of showing they obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

c.     Whether Defendants' conduct was knowing and/or willful;

d.     Whether Defendants are liable for damages, and the amount of such damages; and

e.     Whether Defendants should be enjoined from engaging in such conduct in the future.

29.     As a person who received calls from Defendants using an automatic telephone dialing system and/or an artificial or prerecorded voice, without prior

1   express consent within the meaning of the TCPA, Plaintiff asserts claims that are
2   typical of each Class member.  Plaintiff will fairly and adequately represent and
3   protect the interests of the Class, and has no interests that are antagonistic to any
4   member of the Class.

5        30.    Plaintiff has retained counsel experienced in handling class action
6   claims involving violations of federal and state consumer and employee protection
7   statutes.

8        31.    A class action is the superior method for the fair and efficient
9   adjudication of this controversy.  Classwide relief is essential to compel
10   Defendants to comply with the TCPA.  The interest of Class members in
11   individually controlling the prosecution of separate claims against Defendants are
12   small because the statutory damages in an individual action for violation of the
13   TCPA is relatively small.  Management of these claims is likely to present
14   significantly fewer difficulties than are presented in many class claims because the
15   calls at issue are all automated and the Class members, by definition, did not
16   provide the prior express consent required under the statute to authorize calls to
17   their cellular telephones.

18        32.    Defendants have acted on grounds generally applicable to the Class,
19   thereby making final injunctive relief and corresponding declaratory relief with
20   respect to the Class as a whole appropriate. Moreover, on information and belief,
21   Plaintiff alleges that the TCPA violations complained of herein are substantially
22   likely to continue in the future if an injunction is not entered.

23   **CAUSES OF ACTION**
24   **FIRST COUNT**
25   **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
26   **CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

27        33.    Plaintiff incorporates by reference the foregoing paragraphs of this
28   Complaint as if fully stated herein.

CLASS ACTION COMPLAINT

34.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above- cited provisions of 47 U.S.C. § 227 *et seq.*

35.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

36.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

37.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

38.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

39.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

40.     As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

41.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

42.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendants:

1.      Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

2.      As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

3.      As a result of Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

4.      An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

5.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

6.      Such other relief as the Court deems just and proper.


Dated: February 11, 2016          THE COOPER LAW FIRM, P.C.


                                  By: _/s/Samantha A. Smith_____
                                        Samantha A. Smith
                                  Co-Counsel for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 11, 2016          THE COOPER LAW FIRM, P.C.


By: _/s/ Samantha A. Smith_____
Samantha A. Smith
Co-Counsel for Plaintiff

CLASS ACTION COMPLAINT